IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, )<br>#S-03210, )<br> )<br>           Plaintiff, )<br> )<br>vs. )<br> )<br>NATHANIEL MAUE, *et al.*, )<br> )<br>           Defendants. ) | Case No. 16-00854-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On July 27, 2016, Plaintiff David Bentz filed a complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 against thirty-four known and numerous unknown state officials who allegedly conspired to violate his rights at Menard Correctional Center under the First, Eighth, and Fourteenth Amendments (Doc. 1). Plaintiff failed to prepay the $400.00 filing fee for this action or file a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") on the date he filed his complaint.

The Clerk of Court opened this case and sent Plaintiff a letter (Doc. 2) advising him that he must prepay the full filing fee or file an IFP Motion within thirty days. He was instructed to also provide a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of this action (*i.e.*, from 2/1/2016 to 8/1/2016), if he wished to proceed IFP. The Clerk sent the letter to Plaintiff at the address listed on the complaint and on file with the Clerk's office. Included with the letter was a form IFP Motion. Plaintiff was clearly warned that failure to prepay the full filing fee or file a properly completed IFP Motion within thirty days would result in dismissal of this case (*id.*).

On August 17, 2016, this Court entered a formal order to this effect, as well as a notice of impending dismissal (Doc. 3). Plaintiff was explicitly ordered to prepay his full filing fee of $400.00 or file a properly completed IFP Motion (including a certified copy of his trust fund account statement for the period between 2/1/2016 and 8/1/2016) on or before August 26, 2016. The Court clearly warned Plaintiff that failure to comply with the Order would result in dismissal of the action for want of prosecution and/or for failure to comply with an Order of the Court. (Doc. 3, p. 2) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

On August 26, 2016, Plaintiff filed a handwritten IFP Motion (Doc. 4), which consisted of the following disclosures:

**In Forma Pauperis Application
And
Financial Affidavit**

I, David Bentz (#S-03210), declare that I am a Plaintiff in the above entitled case. This affidavit constitutes my application to proceed without full pre-payment of fees and in support of motion for appointment of counsel, I also declare that I am unable to pay the cost of these proceedings, and that I am entitled to the relief sought in complaint[.] In support of this motion, I state the following under penalty of perjury:

(1) I, David Robert Bentz, am currently incar[c]erated at Menard Correctional Center and receive idle pay from the institution between the monthly amounts of $0.00 to $10.00.
(2) I am currently unemployed.
(3) I am not married.
(4) Apart from my income stated above in the past (12) months I have received more than $200.00 from the following sources combined:
    a. Gary Bentz $0-50.00 per month
    b. Diane Bentz $0-40.00 per month
    c.

I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. Section 1915(E)(2)(a), the Court shall dismiss this case at any time if the Court determines that my allegation of poverty is untrue.

(Doc. 4).

This Court denied Plaintiff's IFP Motion three days later on August 29, 2016 (Doc. 5). The Court reasoned that Plaintiff failed to address questions included in this Court's standard form IFP Motion,[1] despite the fact that he was provided with a copy of the form for his use in preparing an application to proceed IFP in this case (*id.*). Further, Plaintiff failed to provide a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of this action (*id.*).

The Court gave Plaintiff a second opportunity to comply with its Order (Docs. 3, 5). On or before the extended deadline of September 12, 2016, the Court ordered him to file a properly completed IFP Motion, along with his certified trust fund statement (Doc. 5). Once again, the Court warned Plaintiff that failure to comply with this Order would result in dismissal of the action for want of prosecution and/or for failure to comply with a court order under Rule 41(b). Along with the Order, Plaintiff was provided with another blank IFP Motion (*id.*).

The extended deadline passed without receipt of the $400.00 filing fee from Plaintiff, a second IFP Motion, or a certified copy of Plaintiff's trust fund account statement. Instead, on September 2, 2016, Plaintiff filed a Motion for Contempt (Doc. 6). In the motion, he requested an Order finding Menard's library staff in contempt for allegedly failing to follow various, unspecified orders of the court. He asserted that the librarian(s) have, at different times and in numerous actions, failed to properly file or return his court documents. He identified no particular document or specific incident that impacts this case. Accordingly, the Motion for Contempt shall be denied.

On September 16, 2016, Plaintiff finally filed a certified copy of his trust fund account statement for the 6-month period preceding this action (Doc. 7). Plaintiff signed and dated the cover

---

[1] This Court's standard form IFP Motion requires Plaintiff to disclose the amount of money that he has in cash or in a checking or savings account, any assets or "thing[s] of value" held in someone else's name, and income from "any" source for the twelve months preceding the application for IFP, among other things. Plaintiff included no response to any of these questions on his handwritten form (*see* Doc. 4).

page September 16, 2016. The certified trust fund account statement was therefore filed four days after the expiration of the extended deadline set by the Court of September 12, 2016.

Moreover, the statement revealed several deposits that Plaintiff failed to disclose in his original IFP Motion (*see* Docs. 4, 7). These deposits include the following from Linda Bentz: (1) a $40.00 deposit on March 2, 2016; (2) a $40.00 deposit on March 19, 2016; (3) a $20.00 deposit on April 22, 2016; (4) a $40.00 deposit on May 21, 2016; (5) a $180.00 deposit on June 28, 2016; and (6) a $15.00 deposit on August 9, 2016 (Doc. 7, pp. 2-3). Plaintiff mentioned none of these deposits or Linda Bentz in his IFP Motion (Doc. 4).

A review of public records in Plaintiff's numerous other pending cases reveals that he knew about these deposits.[2] For example, on the same date that he filed the Motion for Contempt (Doc. 6) in this action (which mentioned nothing about his receipt of funds from Linda Bentz), Plaintiff also filed a Motion for Contempt in the Central District of Illinois. *See Bentz v. Gish, et al.*, No. 12-cv-01436-SLD-TSH (C.D. Ill. 2012) (Doc. 70). In that motion, he stated:

> The Trust Fund Officer has failed to comply with this Courts (sic) order, where the trust fund officer is not taking 20% of the 'preceding' month but of the current month. For example, this Plaintiff received $180.00 on or about 06/28/16 and the trust fund office[r] took $160.00 of that for filing fees in the same month. . . .

(Doc. 70, p. 1). Plaintiff actually signed the motion on August 26, 2016, yet failed to disclose this deposit in the IFP Motion he filed with this Court on the same date (*see* Doc. 4).

In addition, on August 1, 2016, he also filed a Motion for Contempt in another case that is pending in this District. *See Bentz v. Lindenberg*, No. 15-cv-00121-NJR-DGW (S.D. Ill. 2015) (Doc. 88). In the motion, he states:

> The Trust Fund Officer has failed to comply with this Courts (sic) order, where the trust fund officer is not taking 20% of the 'preceding' month but of the current month. For example, this Plaintiff received $180.00 on or about 06/28/2016 and the

---

[2] The Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), to find the motions referred to in this Order. *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

>trust fund officer[r] took $160.00 of that for filing fees in the same month or there about. . . .

(Doc. 88, p. 1). By all indications, Plaintiff intentionally failed to disclose the money that he received from Linda Bentz in the present case.

The Court finds that Plaintiff's original IFP Motion (Doc. 4) contains false allegations regarding his financial status. The Seventh Circuit has made it clear that "[a] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Am Int'l Adjustment v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996). Plaintiff expresses no doubt about his income, and his failure to disclose numerous deposits made by Linda Bentz during the applicable 6-month period preceding the filing of this action appears to be intentional, misleading, and false. Under § 1915(e)(2)(A), the Court must dismiss Plaintiff's lawsuit if his allegation of poverty is false. *See Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir. 2001) (citations omitted) (explaining that where the "allegation of poverty was false, the suit had to be dismissed; the judge had no choice"). Further, the Court's authority to order dismissal as a sanction for filing a false IFP application is "beyond question." *Id*. Although Plaintiff's undisclosed deposits may not render him capable of prepaying the full filing fee for this action, the omissions amount to misrepresentations in his IFP application. The Court will not tolerate this abuse of the IFP process.

But there are additional reasons for dismissing this action. Plaintiff failed to meet the extended deadline for filing his second IFP Motion and certified trust fund account statement. In fact, he never filed a second IFP Motion at all, after the first IFP Motion was denied (Docs. 4-5). The Court warned him on three separate occasions (Docs. 2, 3, 5) that the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, if he failed to pay the $400.00 filing fee or submit a properly completed IFP Motion (including trust fund statement). He ignored these warnings. Dismissal of the action for failure to comply with multiple orders of this Court (Docs. 3, 5)

is also warranted, and a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure operates as an adjudication on the merits. Therefore, the action shall be dismissed with prejudice.

Plaintiff is also **WARNED** that persistent abuse of the IFP process will result in sanctions, as deemed necessary by the Court, to deter Plaintiff's misconduct. *See In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007); *see also Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) (approving the district court's decision to treat "a prisoner who tries to evade the payment of fees . . . as if he had 'struck out' under 28 U.S.C. § 1915(g) by filing three or more frivolous suits or appeals"). These sanctions may include monetary fines or a bar against filing any new civil action in this Court until such time as Plaintiff's outstanding filing fees are paid in full. *See, e.g., In re City of Chicago*, 500 F.3d at 583 (citing *Campbell*, 481 F.3d 967); *Support Systems Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with two Orders (Docs. 3, 5) of this Court and under 28 U.S.C. § 1915(e)(2)(A) as a sanction against Plaintiff for attempting to commit a fraud on the Court in his application for pauper status (Doc. 4).

**IT IS FURTHER ORDERED** that the pending Motion for Contempt (Doc. 6) is **DENIED**.

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be

liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED:** September 22, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**