# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, #S-03210, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-00854-NJR |
| ) | |
| NATHANIEL MAUE, ) | |
| WILLIAM QUALLS, ) | |
| ADAM TOPE, ) | |
| JACOB GUETTERSLOH, ) | |
| MICHAEL SCHNICKER, ) | |
| RYAN SADLER, ) | |
| TINA MONROE, ) | |
| WESLEY MONROE, ) | |
| TYLER JAIMET, ) | |
| CAMBELL, ) | |
| C/O BENIFIELD, ) | |
| CONWAY, ) | |
| MICHAEL SAMUEL, ) | |
| RAYMOND ALLEN, ) | |
| KENT BROOKMAN, ) | |
| MONJIE, ) | |
| KRISTA ALLSUP, ) | |
| MARK PHOENIX, ) | |
| KIMBERLY BUTLER, ) | |
| LASHBROOK, ) | |
| DAVID DWIGHT, ) | |
| JAMES BUTLER, ) | |
| ANGILA CRAIN, ) | |
| S. McGLORN, ) | |
| DOCTOR TROST, ) | |
| DOE, and ) | |
| NURSE JANE DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court for consideration are six motions (Docs. 38-41, 44-45) filed by Plaintiff David Robert Bentz. (Doc. 36). These motions include:

1

(1) Plaintiff's Joint Motion to Stay All Above Actions Pending Rulings (Doc. 38);

(2) Plaintiff's Joint Motion Under Rule 59(e) (Doc. 39);

(3) Plaintiff's Joint Motion to Stay All Proceedings Pending Rule 59(e) and/or Appeal[1] Per Improper Severance (Doc. 40);

(4) Plaintiff's Joint Motion Under Rule 59(e) (Doc. 41);

(5) Joint Notice to Court and Motion for Docket Sheet and Other (Doc. 44); and

(6) Motion for Clarification of Severance/Screening (Doc. 45).

Plaintiff filed five of these motions in this case and three other cases that were severed from this case on January 4, 2018. *See Bentz v. Lindenberg*, No. 18-cv-00016-DRH (S.D. Ill.) (Docs. 6, 7, 8, 9, and 12); *Bentz Newbold*, No. 18-cv-00017-JPG-RJD (S.D. Ill.) (Docs. 9, 10, 11, 15, 17); *Bentz v. McGlorn*, No. 18-cv-00018-JPG (S.D. Ill.) (Docs. 8, 9, 10, 12, 18). He did so after this case was stayed pending the outcome of *Bentz v. Qualles*, App. No. 17-1728 (7th Cir. filed Apr. 7, 2017).

The stay is lifted for the sole purpose of addressing these motions (Docs. 38-41, 44-45). As discussed in more detail below, Plaintiff's request to stay this case pending a ruling on his motions will be denied. Plaintiff's request for relief from the Order Severing and Staying Case (Doc. 36) also will be denied. His request for a courtesy copy of the docket sheet will be granted. Any other requests for relief pertaining to this case and not addressed below are denied without prejudice.

## Background

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 27, 2016. (Doc. 1). Before the Complaint was screened pursuant to 28 U.S.C. § 1915A, the Court denied

---

[1] Although Plaintiff expresses his future intention to appeal an adverse ruling, he does not indicate that the document represents his notice of appeal. Thus, the Court did not construe it as a formal notice of appeal.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") and dismissed the action on September 22, 2016, after finding that Plaintiff failed to disclose financial information in his IFP motion. (Doc. 4). An Order Dismissing Case and Judgment were entered on that date, and Plaintiff appealed. (Docs. 8-9, 22).

On November 20, 2017, the Seventh Circuit reversed the District Court's decision and remanded the matter for further proceedings. *Bentz v. Maue*, 702 F. App'x 461 (7th Cir. Nov. 20, 2017). Pursuant to the Seventh Circuit's Mandate (Doc. 34), this Court vacated the Order Denying the IFP Motion (Doc. 5), Order Dismissing Case (Doc. 8), and Judgment (Doc. 9). (Doc. 36).

The Court also screened the Complaint and concluded that several claims were subject to severance. (Doc. 36). Plaintiff named thirty-five known defendants and numerous unknown defendants in his 225-page Complaint. *Id*. His claims stemmed from two assaults that occurred at Menard in May and August 2014 and from the denial of medical and/or dental care at the prison from 2014-16. *Id*. The Court organized the claims into eighteen separate counts. (Doc. 36, pp. 12-13).

Counts 1 through 12 pertained to the first assault that occurred in May 2014 and involved the same groups of defendants. (Doc. 36, pp. 13-15). The Court determined that these claims were properly joined in the original action. *Id*. But Counts 13 through 18 were unrelated to Counts 1 through 12; those claims arose from separate transactions or occurrences and also involved different defendants. (Doc. 26, pp. 12-13). Thus, pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), this Court exercised its discretion and severed the claims into three additional cases. (Doc. 36). Counts 13 and 14 against Lindenberg stemmed from the second assault in August 2014 and were severed into *Bentz v. Lindenberg*, No. 18-cv-00016-DRH (S.D.

Ill.). Count 15 against Dentist Newbold arose from Plaintiff's dental appointment in May 2015 and was severed into *Bentz v. Newbold*, No. 18-cv-00017-JPG-RJD (S.D. Ill.). Finally, Counts 16 through 18 against several prison medical providers who allegedly denied Plaintiff medical care in 2015 and 2016 were severed into *Bentz v. McGlorn, et al.*, No. 18-cv-00018-JPG (S.D. Ill.).

In the same Order, the Court deferred preliminary review of Counts 1 through 12 pursuant to 28 U.S.C. § 1915A until the Seventh Circuit Court of Appeals issued its decision in *Bentz v. Qualles*, App. No. 17-1728 (7th Cir.) ("*Qualles*"). The Court did so because the claims at issue in *Qualles* were duplicative of Counts 1 through 8 in this case and were dismissed without prejudice on exhaustion grounds. *Bentz v. Qualles, et al.*, No. 14-cv-00562-MJR-SCW (S.D. Ill.) (Docs. 224, 226). It appeared that Plaintiff brought this action to preserve Counts 1 through 8 and expand upon those claims in Counts 9 through 12, should he lose his appeal. Therefore, on January 4, 2018, this Court entered an Order Severing and Staying Case. (Doc. 36). Plaintiff's motions followed.

## **Pending Motions**

Plaintiff filed six motions that are now before the Court. (Docs. 38-41, 44-45). In them, he asks the Court to do the following: (1) stay this case and the severed cases pending a decision on his motions; (2) vacate the severance order; (3) "put a stop" to the prison's interference with his legal filings; and (4) provide him with a copy of the docket sheet in each of his cases. Plaintiff repeats many of the same arguments in support of his requests for relief across all six motions.

1. **Joint Motion to Stay Actions Pending Rulings (Doc. 38)**

In the Joint Motion to Stay Actions Pending Rulings filed on January 31, 2018, Plaintiff asks this Court to stay this case (Case No. 16-cv-00854) and all three severed cases (Case Nos. 18-cv-00016, 18-cv-00017, and 18-cv-00018) until the Seventh Circuit Court of Appeals issues a decision in *Bentz v. Gregson, et al.*, App. No. 18-01273 (7th Cir. filed Feb. 7, 2018) ("*Gregson*"). Plaintiff asserts that *Gregson* addresses the same claims that are at issue in all four cases. He also has filed a Rule 59(e) motion to challenge the severance of his claims in this action, and he intends to appeal an adverse ruling. Plaintiff adds that he did not intend to bring a claim against Lindenberg because he is already pursuing those claims in *Bentz v. Lindenberg*, No. 15-cv-00121. Finally, Plaintiff states that he filed a "joint motion for change of venue" in each of the actions referenced above.[2] For these reasons, he asks that the actions be stayed.

2. **Joint Motion Under Rule 59(e) (Docs. 39 and 41)**

Plaintiff filed the same Joint Motion Under Rule 59(e) on January 31, 2018, and February 14, 2018, in this case and the three severed cases. He challenges the Order Severing and Staying Case (Doc. 36) entered on January 4, 2018. Plaintiff compares this case to *Bentz v. Gregson*, No. 16-cv-1349-DRH (S.D. Ill. 2016). Although his arguments are far from clear, Plaintiff suggests that this action should have been severed in exactly the same manner as *Gregson*, given that both complaints address virtually the same claims. He argues that the district court's severance order in *Gregson* demonstrates that Counts 1 through 18 were properly joined in a single action. He adds that his claims all relate to the two assaults that occurred in 2014 and should proceed together in a single action.

To the extent this Court found certain claims to be unrelated and improperly joined, Plaintiff argues that he never intended to bring those claims in this action. This includes Counts

---
[2] Plaintiff did not file a motion seeking a change of venue in any of the four cases he cites.

5

13 and 14 because he already brought those claims in *Bentz v. Lindenberg*, No. 15-cv-121. Count 16 involves the denial of medical care for an in-grown toenail, and Plaintiff now characterizes that claim as background information. Plaintiff argues that this Court lacked jurisdiction to sever "claims not alleged and/or brought by this Plaintiff."

Plaintiff also argues that he should have been offered the opportunity to amend his complaint before the Court severed his claims. According to his interpretation of Rule 15(a) of the Federal Rules of Civil Procedure, district courts must afford plaintiffs an opportunity to amend their complaints before severing unrelated claims into new cases.

**3.     Joint Motion to Stay All Proceedings Pending Rule 59(e) and/or Appeal Per Improper Severance (Doc. 40)**

In the Joint Motion to Stay All Proceedings Pending Rule 59(e) and/or Appeal filed on January 31, 2018, Plaintiff asserts that he did not authorize this Court to sever his claims and open new cases. In other words, he believes the Court should have requested his consent before doing so. He also insists that he should have been allowed to amend his complaint before this Court severed his claims. If his request for relief under Rule 59(e) is denied, Plaintiff states that he "will be filing a[n] appeal." (Doc. 40, p. 1). Until these issues are resolved, he asks that all four actions be stayed.

**4.     Joint Notice to Court and Motion for Docket Sheet and Other (Doc. 44)**

In Plaintiff's Joint Notice to Court and Motion for Docket Sheet filed in each of his cases on March 21, 2018, Plaintiff states that he has not received certain documents, motions, and orders in his cases, and he asks the Court to "put a stop" to this. He also seeks a copy of the docket sheet in each action.

5. **Motion for Clarification of Severance/Screening Order (Doc. 45)**

Finally, Plaintiff filed a Motion for Clarification on April 24, 2018, in which he asks the Court to explain how his 18 claims were subject to severance into three additional cases, when they all arose from the same two assaults. He characterizes his claims as arising from "one injury" and maintains that they should proceed together in the same action.

## Discussion

In his motions, Plaintiff repeatedly invokes Rule 59(e) of the Federal Rules of Civil Procedure. This rule generally applies to motions seeking a new trial or motions seeking to alter or amend a judgment. *Terry v. Spencer*, No. 17-2331, 2018 WL 1978927 (7th Cir. Apr. 27, 2018). Nevertheless, *pro se* filings are construed liberally. *Id.* at \*2 (citing *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Looking to the substance of the motions, Plaintiff clearly seeks relief from the non-final Order Severing and Staying Case (Doc. 36) entered on January 4, 2018. He maintains that this Court committed several errors of law when deciding to sever his claims into additional suits without first seeking and obtaining his permission to do so. This Court has authority to revisit the Order Severing and Staying Case. *Id.* (citing *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012)).

The Court finds, however, that Plaintiff is not entitled to relief at this time. Plaintiff directly challenges this Court's discretionary decisions regarding severance, including whether, when, and how the claims in his Complaint were severed. Upon review, the Court finds that these decisions were based on the applicable law and the Court's proper exercise of discretion.

Plaintiff presented the Court with the sort of omnibus complaint that the Seventh Circuit Court of Appeals strongly encourages district courts to consider severing. *See Owens v. Evans*,

878 F.3d 559, 561 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, 695 F. App'x 151, at *1 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In the 225-page Complaint, Plaintiff asserted claims against more than 40 defendants. Among other things, the allegations addressed two separate assaults by different defendants or groups of defendants and the denial of medical care by still other defendants at Menard for two years. Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, multiple defendants may be joined in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A)-(B). Rule 18 of the Federal Rules of Civil Procedure allows a party asserting a claim to join, as independent or alternative claims, as many claims as it has against an opposing party. FED. R. CIV. P. 18. Rule 21 of the Federal Rules of Civil Procedure authorizes the Court "at any time, on just terms" to add or drop a party and/or sever any claim against a party. FED. R. CIV. P. 18. These rules are "broad" and give district courts "considerable flexibility" in managing civil litigation. *UWM Student Ass'n v. Lovell*, No. 17-2499, 2018 WL 1940531, *7 (7th Cir. Apr. 25, 2018). This includes the authority to decide whether, when, and how to sever claims. This discretion is not unlimited, however, and the Seventh Circuit has made clear that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

At screening, this Court determined that the claims at issue in the Complaint involved separate occurrences (*e.g.*, May 2014 assault, August 2014 assault, and 2-year denial of medical care for miscellaneous issues) and different defendants. (Doc. 36). Having reached the

conclusion that Plaintiff's claims against different defendants were improperly joined in the same action pursuant to Rules 18 and 20, the Court could not simply ignore the problem and allow Plaintiff to proceed with all of his claims in a single action. Once a district court finds misjoinder, the remedy is "severance or dismissal without prejudice." *Lovell*, 2018 WL 1940531 at *7.

The Court determined that severance – as opposed to dismissal without prejudice – was appropriate under the circumstances. A quick review of the facts reveals why this decision represents a proper exercise of this Court's discretion. Plaintiff filed his original action in 2016. His claims arose between 2014 and 2016. He previously raised many of the same claims (*i.e.*, Counts 1 through 8) in *Qualles*, and that case was dismissed for failure to exhaust his administrative remedies. A 2-year statute of limitations was nevertheless applicable to the claims. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)) ("The limitations period for § 1983 claims is based in state law, and the statute of limitations for § 1983 actions in Illinois is two years."). Had the Court dismissed Plaintiff's claims in this case without prejudice, the statute of limitations likely would have prevented him from pursing some or all of those claims in a separate action. Plaintiff's decision to bring many of the same claims he previously raised in *Qualles* suggests that one of his reasons for bringing this action was to preserve those claims while the appeal in *Qualles* was decided (and he does not dispute this).

The Court was not required to offer Plaintiff an opportunity to amend his complaint before severing unrelated claims against different defendants. The district court has the authority to sever claims whenever the court deems it appropriate to do so. *See* FED. R. CIV. P. 21. Further, the Seventh Circuit has made it clear that a plaintiff should not be allowed to bring all of his

9

grievances against different defendants in a single complaint. Allowing him to do so encourages the plaintiff to flout Rules 18 and 20. *See, e.g., Owens v. Godinez*, 860 F.3d at 436 ("district courts should not allow inmates to flout the rules of joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."); *George v. Smith*, 507 F.3d at 607. Given these considerations, the Court determined that dismissal with leave to amend the complaint was not appropriate.

Finally, the fact that this Court severed the claims in the Complaint differently than the district court severed the claims in *Gregson* does not render either decision wrong. Inherent in the Court's discretion to sever unrelated claims against different defendants is the decision of *how* to sever those claims. *Lovell*, 2018 WL 1940531 at *7. *Gregson* not only involved many of the claims at issue in this case, but it also involved additional claims. Plaintiff brought *Gregson* after *Qualles* and this case were dismissed. The timing of *Gregson*, the scope of the issues, and the redundancy of the claims presented different factors that likely figured into the Court's decisions regarding severance. With that said, Plaintiff's challenge to the severance decision in *Gregson* exceeds the scope of this Order. Upon review, this Court remains satisfied that its decisions regarding severance in this case represent a proper exercise of discretion. Plaintiff's motions to vacate Document 36 and allow him to proceed with his claims in a single suit shall therefore be denied.

## Disposition

**IT IS HEREBY ORDERED** that the **STAY** of this case is **LIFTED** for the sole purpose of addressing Plaintiff's pending motions (Docs. 38-41, 44-45).

**IT IS ORDERED** that Plaintiff's Motions to Stay this action in Documents 38 and 40 are **DENIED**. Plaintiff need not request a stay in this case because the case was already stayed pursuant to an Order Severing and Staying Case entered on January 4, 2018. (Doc. 36). The case is stayed until the Seventh Circuit issues a decision in *Qualles*. If Plaintiff would like to seek an extension of the stay once *Qualles* is decided, he may file a new motion in this case at that time. Plaintiff's request to stay any other cases should be made by filing a motion *in the relevant case only*. In the motion, Plaintiff should set forth the reasons he believes a stay is warranted in that particular case.

**IT IS ORDERED** that Plaintiff's Motions for Reconsideration in Documents 39, 40, 41, and 45 are also **DENIED** for the reasons set forth above.

**IT IS ORDERED** that Plaintiff's Motion for Docket Sheet in Document 44 is **GRANTED**. The Clerk is **DIRECTED** to provide Plaintiff with a courtesy copy of the docket sheet in this case. Plaintiff also complains about the interference with his legal documents by prison officials. Given the fact that this case was stayed during the applicable time period and that he failed to identify any documents from this case that he was denied, Plaintiff's request for court intervention is **DENIED**.

Finally, any other requests for relief pertaining to this case and not addressed in this Order are **DENIED** without prejudice, and the **STAY** of this case is **REINSTATED**.

**IT IS SO ORDERED.**

**DATED: May 3, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**