IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, #S-03210, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-00854-NJR |
| | ) |
| NATHANIEL MAUE, | ) |
| WILLIAM QUALLS, | ) |
| ADAM TOPE, | ) |
| JACOB GUETTERSLOH, | ) |
| MICHAEL SCHNICKER, | ) |
| RYAN SADLER, | ) |
| TINA MONROE, | ) |
| WESLEY MONROE, | ) |
| TYLER JAIMET, | ) |
| CAMBELL, | ) |
| C/O BENIFIELD, | ) |
| CONWAY, | ) |
| MICHAEL SAMUEL, | ) |
| RAYMOND ALLEN, | ) |
| KENT BROOKMAN, | ) |
| MONJIE, | ) |
| KRISTA ALLSUP, | ) |
| MARK PHOENIX, | ) |
| KIMBERLY BUTLER, | ) |
| LASHBROOK, | ) |
| DAVID DWIGHT, | ) |
| JAMES BUTLER, | ) |
| ANGILA CRAIN, | ) |
| S. McGLORN, | ) |
| DOCTOR TROST, | ) |
| DOE, and | ) |
| NURSE JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case is now ripe for preliminary review of Counts 1 through 12 of the Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff David Robert Bentz. (Doc. 1). Plaintiff is an inmate in

1

the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). He brings this civil rights action *pro se* for federal constitutional and state law deprivations that occurred in connection with two assaults by Menard officers in May and August of 2014. (Docs. 1 through 1-8).

Plaintiff originally filed the Complaint on July 27, 2016. (Doc. 1). The case was dismissed prior to screening when the Court determined that Plaintiff failed to disclose income in his application for leave to proceed *in forma pauperis*. (Doc. 4). The Seventh Circuit Court of Appeals reversed the decision and remanded the matter for further proceedings. *See Bentz v. Maue*, 702 F. App'x 461 (7th Cir. 2017). On remand, the Court screened the Complaint and identified eighteen distinct claims. (Doc. 36). Many of these claims were already the subject of two other lawsuits that Plaintiff filed in this District. *See Bentz v. Qualles*, No. 14-cv-00562-MJR-MAB (S.D. Ill. filed May 16, 2014) ("2014 case"); *Bentz v. Lindenberg*, No. 15-cv-00121-NJR-DGW (S.D. Ill. filed Feb. 5, 2015) ("2015 case"). Six claims (Counts 13 through 18) were improperly joined in this action and severed into three new lawsuits.[1]

What remained in this action were twelve claims (Counts 1 through 12) all arising from the May 2014 assault. Counts 1 through 12 are duplicative of or related to Plaintiff's claims (Counts 1 through 7) in the 2014 case. That case was pending on appeal, following its dismissal on exhaustion grounds in February 2017. Plaintiff filed this case ("2016 case") to preserve his claims, should he lose the appeal of the 2014 case. (*See* Doc. 55).

On January 4, 2018, the Court entered an Order Staying Case until the appeal of the 2014 case concluded—to avoid prejudice to the parties and duplication of efforts. (Doc. 36, pp. 16, 19).

---

[1] This includes the claims arising from the August 2014 assault on Plaintiff (Counts 13 and 14), which were largely duplicative of the claims at issue in the 2015 case, *i.e.*, *Bentz v. Lindenberg*, No. 15-cv-00121-NJR-DGW (S.D. Ill. filed Feb. 5, 2015). The instant case no longer addresses claims pertaining to the August 2014 assault. It focuses exclusively on claims arising from the May 2014 assault.

In February 2019, the Seventh Circuit remanded the 2014 case for further consideration of the exhaustion issue. *Bentz v. Qualls, et al.*, App. No. 17-1728 (7th Cir. decided Jan. 14, 2019). In turn, Plaintiff filed a "Motion to Join" the 2014 and 2016 cases for all further proceedings. (*See* Doc. 253, 2014 case; Doc. 55, 2016 case).

The Court hereby **LIFTS** the **STAY** of this case in order to **SCREEN** Counts 1 through 12 pursuant to 28 U.S.C. § 1915A to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in support of Counts 1 through 12 in the Complaint: On May 11, 2014, Plaintiff was allegedly assaulted by Menard officials. (Doc. 1, p. 5). Officer Maue repeatedly threatened to slap him in the face as he walked to and from the chow hall that day. (*Id.*). Officers Qualls, Schnicker, T. Monroe, W. Monroe, Tope, and Guettersloh stood by and did nothing. (*Id.*). When Plaintiff asked Lieutenant Brookman to intervene, the lieutenant ordered Plaintiff to keep moving. (*Id.*). Qualls and Maue then ordered Plaintiff to return to his gallery, where Qualls, Tope, Guettersloh, and "Doe" repeatedly punched him in the head and neck and slammed his face into a wall. (*Id.* at p. 6). Maue then choked Plaintiff and dragged him across the floor while calling him a "pencil pusher" and threatening to kill him. (*Id.* at pp. 5-7). Sadler, Schnicker, T. Monroe, W. Monroe, and "other Does" were present but took no action to stop the assault. (*Id.* at p. 6). Plaintiff soon lost consciousness. (*Id.* at p. 7).

Following the May 2014 assault, Plaintiff repeatedly requested medical care for jaw and

3

neck injuries. (*Id*. at pp. 7, 13). Between May 11 and 29, 2014, his requests were consistently ignored or denied by Maue, Qualls, Tope, Guettersloh, T. Monroe, W. Monroe, Schnicker, Sadler, Jaimet, Cambell, Benifield, Samuel, Allen, Brookman, Allsup, Monjie, Trost, J. Butler, Dwight, Nurse Jane Doe, and other unidentified medical and correctional staff. (*Id*. at p. 7).

On May 16, 2014, Plaintiff filed *Bentz v. Qualls*, 14-cv-562-MJR-SCW (S.D. Ill.). He asserted claims under the First, Eighth, and Fourteenth Amendments against thirteen or more individuals involved in the May 2014 assault and the subsequent denial of medical care. (*Id*. at p. 6).[2] He named the same defendants, and more, in this case.

Plaintiff then asked his family members to contact the IDOC and Warden Kimberly Butler about the incident on May 18 and 25, 2014. (Doc. 1, pp. 11-12). Allsup responded to their requests by meeting with Plaintiff but taking no other action to help him. (*Id*. at p. 11). Dwight reviewed one emergency grievance from Plaintiff but determined that it described no emergency on May 22, 2014. (*Id*.). Monjie also met with Plaintiff on May 27, 2014. (*Id*. at p. 12).

In the months that followed, Plaintiff attempted to meet with Doctor Trost to discuss his injuries. (*Id*. at p. 15). His call passes were canceled on September 5, 12, 19, and 26, 2014. (*Id*.). After speaking with Warden Lashbrook on September 26, 2014, Plaintiff sent her an emergency grievance on October 2, 2014. (*Id*. at pp. 15-16). Lashbrook took no action in response to it, but Warden Butler expedited the grievance. (*Id*. at p. 17). On October 3, 2014, Plaintiff finally met with Doctor Trost to discuss the injuries he sustained in the initial assault. (*Id*. at p. 15). He complained of a possible jaw fracture, chronic neck and shoulder pain, and vision problems. (*Id*. at p. 16). Doctor Trost ordered a 3-month prescription for ibuprofen, x-rays, and a follow-up appointment. (*Id*.). Although Plaintiff received x-rays on October 10, 2014, Doctor Trost did not

---

[2] These defendants include Qualls, Samuel, Brookman, Maue, Schnicker, Sadler, Butler, Allen, T. Monroe, W. Monroe, Tope, Guettersloh, J. Butler, and several unknown Menard officials.

meet with him to discuss the results. (*Id*.). An outside medical provider named Doctor Foss allegedly reviewed the x-rays on October 13, 2014, and sent the results to Doctor John Doe for review on October 22, 2014. (*Id*. at p. 17). In the meantime, Linda Carter contacted the health care unit ("HCU") and Internal Affairs Officer John Doe about the matter on October 10, 2014. (*Id*.). Without any results in hand, HCU Nurse Jane Doe reported no significant findings on the x-rays and concluded that no further treatment was necessary. (*Id*.). Plaintiff's emergency grievance was denied, and Warden Butler concurred with the decision on October 23, 2014. (*Id*.).

Plaintiff describes ongoing threats and harassment by Menard officials following the May 2014 assault, particularly when he pressed for an investigation and medical treatment. (*Id*. at p. 7). He sent an emergency grievance to Warden Kimberly Butler and Monjie. (*Id*.). He repeatedly asked Brookman to speak with internal affairs and/or bring him to the HCU for treatment. (*Id*.). Brookman eventually told Plaintiff that his grievances were "filed" in the trash can. (*Id*.). Meanwhile, W. Monroe threatened to "beat his ass" if Plaintiff reported the incident, as Sadler listened and took no action. (*Id*.). Lieutenant Samuel threatened to issue Plaintiff a disciplinary ticket for seeking help. (*Id*. at p. 8). Lieutenant Allen and Jaimet agreed to take Plaintiff to the HCU only if he agreed not to "make a case about it," but they took Plaintiff to see an unknown nurse ("Nurse Jane Doe") who refused to treat him. (*Id*. at p. 9). Cambell and Jaimet took steps to discourage Plaintiff from speaking with internal affairs, by denying him a meal, threatening to injure him, and encouraging his cellmate to attack him. (*Id*. at p. 13). Qualls, Maue, and Conway continued to threaten and harass him for months.[3]

---

[3] The Complaint describes a campaign of harassment by Qualls, Maue, and Conway. For example, Qualls threatened to "beat" Plaintiff on August 1, 2015 (Doc. 1, p. 19); threatened to issue him a "bogus" disciplinary ticket on September 7, 2015 (*id*. at p. 20); threatened to assault Plaintiff for naming him in a lawsuit on September 20, 2015 (Doc. 1-1, p. 1);"harassed[ed]" Plaintiff on the way to the HCU on December 20, 2015 (*id*. at p. 3); and harassed Plaintiff for filing grievances and suits on January 9, January 24, and March 6, 2016 (*id*. at pp. 4-6). Maue threatened to kill Plaintiff for suing him on September 14,

5

**Discussion**

Based on these allegations, the Court divided the *pro se* Complaint into the following enumerated twelve counts:

**Count 1 -** Civil conspiracy claim against Maue, Qualls, Tope, Guettersloh, "Doe," Sadler, Schnicker, T. Monroe, W. Monroe, and Brookman for their group participation in the first assault on May 11, 2014, and subsequent attempt to cover it up ("Count 1," Case No. 14-562).

**Count 2 -** First Amendment retaliation claim against Maue for assaulting Plaintiff on May 11, 2014, in response to his decision to file several lawsuits against prison officials ("Count 2," Case No. 14-562).

**Count 3 -** Eighth Amendment excessive force claim against Maue, Qualls, Tope, Guettersloh, and "Doe" for assaulting Plaintiff on May 11, 2014 ("Count 3," Case No. 14-562).

**Count 4 -** Eighth Amendment failure to protect claim against Sadler, Schnicker, T. Monroe, W. Monroe, and Brookman for failing to intervene to stop the assault of Plaintiff on May 11, 2014 ("Count 4," Case No. 14-562).

**Count 5 -** State tort assault and battery claim against Maue, Qualls, Tope, Guettersloh, and "Doe" for the assault that occurred on May 11, 2014 ("Count 5," Case No. 14-562).

**Count 6 -** Eighth Amendment deliberate indifference to medical needs claim against Maue, Qualls, Tope, Guettersloh, "Doe," Sadler, Schnicker, T. Monroe, W. Monroe, Brookman, Nurse Jane Doe, Jaimet, Cambell, Benifield, Samuel, Allen, Allsup, Monjie, J. Butler, K. Butler, Dwight, Crain, Dr. Trost, and Lashbrook for failing to assist Plaintiff in obtaining medical treatment in 2014 following the assault on May 11, 2014 ("Count 6," Case No. 14-562).

**Count 7 -** State law negligence claim against all non-medical provider defendants for the conduct described in Count 6 ("Count 7," Case

---

October 3, and December 3, 2015 (Doc. 1, p. 20; Doc. 1-1, pp. 2-3); threatened to "kick his ass" for naming him in a suit on February 1, 2016 (Doc. 1-1, p. 6); and threatened Plaintiff during line movement on May 24, 2016 (*id*. at p. 8). Finally, Conway threatened to shoot Plaintiff while waiving a gun at him on September 15, 2015 (Doc. 1, p. 20); threatened to issue Plaintiff a "bogus" disciplinary ticket on September 15, November 3, and November 4, 2015 (Doc. 1-1, p. 1); and continued to harass Plaintiff through January 2016 (*id*. at pp. 3-6). Plaintiff filed grievances to complain about the harassment with Officer Phoenix on September 15, 2015, November 3, 2015, and January 22, 2016, but he received no response (*id*. at pp. 1-2, 5-6).

No. 14-562).

**Count 8 -** State law negligence claim against Nurse Jane Doe for the conduct described in Count 6 ("Count 8," Case No. 14-562).

**Count 9 -** State law claims for intentional infliction of emotional distress and slander.

**Count 10 -** First Amendment retaliation claim and/or Eighth Amendment cruel and unusual punishment claim against Qualls, Conway, Maue, W. Monroe, Samuel, Allen, Cambell, and Jaimet for harassing and threatening Plaintiff in 2014, 2015, and 2016 for filing grievances and suits.

**Count 11 -** Fourteenth Amendment due process claim against Phoenix for ignoring Plaintiff's grievances regarding ongoing harassment and threats by Qualls, Conway, and Maue.

**Count 12 -** Fourteenth Amendment due process claim against Brookman, Allsup, Dwight, and Monjie, who disregarded Plaintiff's grievances regarding the 2014 assaults, request for an investigation, and request for medical care.

The parties and the Court will use these designations in all future pleadings and orders in this action, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merits. **Any claims mentioned in the Complaint but not identified above are inadequately pled under the *Twombly* pleading standard and should be considered dismissed without prejudice from this action.**

### Counts 1, 2, 3, 4, 5, 6, 7, and 10

Construing the allegations liberally in favor of Plaintiff, the Court finds that the Complaint articulates colorable federal and state law claims against those individuals named in connection with Counts 1, 2, 3, 4, 5, 6, 7, and 10. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1367(a). All of these claims are subject to further review.

**Count 8**

Plaintiff has not provided sufficient allegations or information to support the Illinois medical negligence claim against Nurse Jane Doe or any other medical defendant in Count 8. Although the Court has supplemental jurisdiction over this claim under 28 U.S.C. § 1367, this is not the end of the matter. Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2017).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b). Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Whether such

---

[1] The August 25, 2005 amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

dismissal should be with or without prejudice, however, is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614; *Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In this case, Plaintiff has failed to file the necessary affidavits and/or reports, after failing to do the same in connection with this claim in the 2014 case. Count 8 shall therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 9**

Plaintiff's allegations regarding the state law claims in Count 9 for intentional infliction of emotional distress ("IIED") and slander are threadbare and conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (court not required to accept as true "legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."). Plaintiff must provide the Court with "some specific facts to ground those legal clams." *Brooks v. Ross*, 578 F.3d 574, 581(7th Cir. 2009). Count 9 is dismissed without prejudice.

**Counts 11 and 12**

Finally, Plaintiff has articulated no independent Fourteenth Amendment due process claim in Counts 11 or 12 against the grievance officials for mishandling his grievances. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Both of these claims are dismissed with prejudice.

**Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Counts 1, 3, 5, 6, and 7 against the unknown individuals identified generically as "Doe" and with Count 6 against "Nurse Jane Doe." *See Rodriguez*, 577 F.3d at 832 (prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants). The unknown defendants must be identified with particularity, however, before service of the Complaint can be completed. In this case, Warden Lashbrook is already named as a defendant, and the warden (official capacity) shall be responsible for responding to discovery aimed at identifying the unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the "Doe" individuals and "Nurse Jane Doe" are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

**Pending Motion**

Plaintiff's Joint Motion to Join (Doc. 55) the 2014 case and this 2016 case will be decided in a separate Order.

**Disposition**

**IT IS HEREBY ORDERED** that Warden Lashbrook (in her official capacity) is responsible for implementing any injunctive relief that is ordered in this matter and must promptly respond to any discovery aimed at identifying the unknown defendants (*i.e.*, "Nurse Jane Doe" and the "Doe" individuals) with particularity.

**IT IS FURTHER ORDERED** that the following claims survive Section 1915A review:

- **COUNT 1** against Defendants **MAUE, QUALLS, TOPE, GUETTERSLOH, "DOE," SADLER, SCHNICKER, T. MONROE, W. MONROE,** and **BROOKMAN**;

- **COUNT 2** against Defendant **MAUE**;

- **COUNTS 3** and **5** against Defendants **MAUE, QUALLS, TOPE, GUETTERSLOH,** and **"DOE;"**

- **COUNT 4** against Defendants **SADLER, SCHNICKER, T. MONROE, W. MONROE,** and **BROOKMAN**;

- **COUNT 6** against Defendants **MAUE, QUALLS, TOPE, GUETTERSLOH, "DOE," SADLER, SCHNICKER, T. MONROE, W. MONROE, BROOKMAN, NURSE JANE DOE, JAIMET, CAMBELL, BENIFIELD, SAMUEL, ALLEN, ALLSUP, MONJIE, J. BUTLER, K. BUTLER, DWIGHT, CRAIN, DR. TROST** and **LASHBROOK**; and

- **COUNT 7** against all non-medical provider Defendants in **COUNT 6**;

- **COUNT 10** against Defendants **QUALLS, CONWAY, MAUE, W. MONROE, SAMUEL, ALLEN, CAMBELL,** and **JAIMET**.

These claims are **DISMISSED** without prejudice against all other defendants for failure to state a claim for relief against them.

**IT IS FURTHER ORDERED** that **COUNT 9** is **DISMISSED** without prejudice and **COUNTS 8, 11,** and **12** are **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted against the defendants. The Clerk is **DIRECTED** to **TERMINATE** the following defendants from this action: **MARK PHOENIX** and **S. McGLORN**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **LASHBROOK, NATHANIEL MAUE, WILLIAM QUALLS, ADAM TOPE, JACOB GUETTERSLOH, RYAN SADLER, MICHAEL SCHNICKER, TINA MONROE, WESLEY MONROE, KENT BROOKMAN, NURSE JANE DOE, TYLER JAIMET, CAMBELL, C/O BENIFIELD, CONWAY, MICHAEL SAMUEL, RAYMOND ALLEN, KRISTA ALLSUP, MONJIE, JAMES BUTLER, KIMBERLY BUTLER, DAVID DWIGHT, ANGILA CRAIN, DOCTOR TROST,** and, once identified, **"NURSE JANE DOE,"** and **"DOE:"** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown defendants until Plaintiff has identified them by name in a motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Mark A. Beatty** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendants with particularity. Further, this entire matter is **REFERRED** to United States Magistrate Judge **Beatty** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/1/2019**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**