IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ,

           Plaintiff,

v.

NATHAN MAUE, et al.,

           Defendants.

Case No. 16-cv-854-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court on Defendant John Trost's Motion to Dismiss (Doc. 73). The response was originally due April 25, 2019, but Plaintiff David Robert Bentz was granted an extension until May 13, 2019 (Doc. 89). Bentz filed a second motion for extension of time (Doc. 109), which was granted (Doc. 119). The deadline for filing a response was reset to June 28, 2019. Bentz did not file a response and, instead, waited until July 15 to file an extension (Doc. 128). He then filed another extension on July 23, 2019 (Doc. 134), and Defendants objected because Bentz had ample access to the prison law library and time to file a response (Doc. 139). Despite not being granted leave to do so, Bentz went ahead and filed his response on August 20, 2019 (Doc. 142). Magistrate Judge Beatty denied the motions for extension of time because Bentz failed to provide any details regarding his inability to access the law library, despite being previously instructed to provide factual details in his motions (Doc. 147). His response was also stricken (*Id*. at p. 2).

## BACKGROUND

This case has a long and complicated procedural history. Bentz originally filed his Complaint on July 26, 2016; it was dismissed at screening. The Seventh Circuit Court of Appeals reversed the decision and remanded the case, where it was screened, and separated into eighteen distinct claims (*See* Doc. 56, pp. 2-3). Six claims (Counts 13 through 18), including Counts related to the failure to provide Bentz with adequate medical treatment in 2015 and 2016 (Counts 15, 16-18), were severed into separate cases (*Id.* at p. 2). The remaining claims in this case (Counts 1-12) were duplicative of Bentz's 2014 case, *Bentz v. Qualles*, Case No. 14-cv-562-NJR-MAB (S.D. Ill. filed Feb. 5, 2015) ("2014 case"), which had been dismissed on exhaustion grounds in February 2017. Bentz appealed the 2014 case, and the Court stayed this case until the appeal was concluded (*Id.*). In February 2019, the Seventh Circuit remanded the 2014 case for further consideration, and the Court lifted the stay in this case and screened Counts 1 through 12. The claims all relate to an alleged assault on Bentz which occurred on May 11, 2014. Relevant to the pending motion, Bentz's claim that defendants, including Dr. Trost, were deliberately indifferent to Bentz's medical needs following the May 11, 2014 assault, survived threshold review (Count 6).

Dr. Trost argues that the claims against him are identical to the claims that were severed into *Bentz v. McGlorn*, Case No. 18-cv-18-NJR (filed Jan. 4, 2018) ("*McGlorn*"). Bentz's original Complaint in *McGlorn* was dismissed, but he was allowed to amend his Complaint. His Amended Complaint (Doc. 34) alleged that he was a victim of a staff assault on May 11, 2014, and received injuries to his neck which various defendants, including Dr. Trost, were deliberately indifferent in treating (Doc. 28, pp. 2-3, 5-7).

Because the claim against Dr. Trost in Count 6 of this case is identical to the claim against Dr. Trost in *McGlorn*, Dr. Trost argues that the claim against him in this case should be dismissed as duplicative. Since the filing of Dr. Trost's motion, the claims against Trost in *McGlorn* were dismissed for failure to exhaust administrative remedies (*McGlorn*, Doc. 165).

## ANALYSIS

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In assessing a complaint or count under Rule 12(b)(6), a district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). For purposes of a Rule 12(b)(6) motion, the allegations of a *pro se* complaint, which this case was originally filed as, are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

Simply stated, the claim against Dr. Trost in this case must be dismissed without prejudice as duplicative of Bentz's claims against Dr. Trost in *McGlorn*. Federal courts

may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in…federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). The determination is discretionary, and district courts are given latitude to exercise that discretion, but generally, a suit will be considered duplicative if the claims, parties, and relief requested do not significantly vary between the actions. *McReynolds v. Merrill Lynch Co. Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012).

Here, the claims in this case are identical to the claims Bentz brought in *McGlorn*. Both cases involve medical treatment that Bentz received from Dr. Trost after the assault on May 11, 2014. The Court notes that the claims against Dr. Trost in *McGlorn* have now been dismissed because Bentz failed to exhaust his administrative remedies prior to filing suit (*See McGlorn*, Docs. 160 and 165). But Bentz's claims against Dr. Trost in this case are still identical to the claims severed into *McGlorn* and, thus, already pending at the time that the claims in this case passed merits review. Accordingly, the Court finds the claims in this case duplicative of *McGlorn*.

## CONCLUSION

For the reasons stated above, Dr. Trost's motion to dismiss is **GRANTED**, and the claims against him **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED: February 26, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**