IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ROBERT BENTZ,**

        **Plaintiff,**

v.

**Case No. 16-cv-854-NJR**

**NATHAN MAUE,** *et al.,*

        **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Plaintiff David Robert Bentz's Notice and Motion Under Rule 11 for Sanctions (Docs. 171 and 177). Instead of serving Defendants his motion as required by Federal Rule of Civil Procedure 11(c)(2), Bentz filed the notice (Doc. 171) on the docket because he alleges that he is unable to correspond with the Defendants. Defendants have filed a response (Doc. 183) in opposition to the motion. Defendants have also filed a motion to amend and/or correct (Doc. 184) to correct some of the documents due to clerical errors.

    Federal Rule of Civil Procedure 11(b)(2) indicates that by "presenting to the court a pleading, written motion, or other paper…an attorney…certifies that…the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." One of the purposes of Rule 11 is to prevent baseless filings with the Court. *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 656 (7th Cir. 2003). If the Court "determines that Rule 11(b) has been violated, the [C]ourt may impose an appropriate sanction." FED.

R. CIV. P. 11(c)(1). "[A] court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998).

### A. Motion to Amend

In response to Bentz's motion, Defendants have filed a motion to amend and/or correct (Doc. 184), which seeks to resolve some of the issues Bentz has with the Incident Reports. Defendants note that the Incident Reports were improperly redacted to include the signature of the grievance officer. Defendants seek to supplement the record with the unredacted Incident Reports, which include the proper signatures. Defendants also note that the Incident Report dated 5/14/2019 was not the finalized version of the report and they seek leave to submit the finalized, unredacted version. The Court **GRANTS** the motion and **DIRECTS** Defendants to file the unredacted Incident Reports as a supplement by **May 8, 2020**.

### B. Incident Reports

Defendants have been granted leave to supplement the record with the unredacted Incident Reports which remedies some of Bentz's issues. Bentz also argues that he believes the Incident Reports are falsified because they were not forwarded to Internal Affairs, failed to include supporting documentation, and alleged that he refused mail when he states that he never refuses mail. Although it is Bentz's belief that Incident Reports should be forwarded to Internal Affairs and include supporting documentation, he fails to show that such requirements are necessary for a true and accurate Incident Report. Further, his opinion that the documents are false is not enough; he has not offered any evidence to support his belief that the Incident Reports are false. Bentz does point to

several envelopes attached to his motion, arguing that the envelopes prove he did not refuse mail, but there is no indication that these envelopes are the documents referenced in the Incident Reports. His request for sanctions regarding the Incident Reports is **DENIED**.

### C. Mail Receipts

Similarly, Bentz fails to offer any evidence to show that the May 13, 2019 and July 11, 2019 mail receipts alleging that he refused to sign for mail are falsified. Bentz offers only his opinion that the receipts were falsified based on his belief and how he handled his mail in the past but fails to offer any evidence that the documents are fake. As to the legal receipt dated July 11, 2019 regarding mail received from Cassidy Schade, Bentz argues that the stamp would have been cut off making it impossible to return. But Defendants have submitted a copy of the envelope and return mail, indicating that the mail was refused by Bentz and demonstrating that the stamp on the envelope was removed by the prison and returned in a prison envelope (Doc. 183-2). Accordingly, Bentz's request for sanctions for the mail receipts is **DENIED**.

### D. Affidavits

Finally, Bentz takes issue with affidavits from Cindy Gimber, Patricia Stewart, Michele Prange, and Daniel Cushman. He argues that affidavits from Gimber and Prange are not accompanied by policies, administrative directives, or other documents to prove their statements. The lack of an attached policy or document does not prove, however, that the affidavits are false.

As to Patricia Stewart's affidavit, Bentz argues that her statements prove that the prison does not follow the Court's Order 18-0014 regarding Notices of Electronic Filings

("N.E.F.'s"). He specifically takes issue with her statement that "N.E.F.'s are placed in the mailbox for the cell house in which the inmate resides." (Doc. 177, p. 18). He argues that the affidavit fails to mention that the N.E.F.'s are sent to the mailroom or institutional mail as required by the Court's Order. But Defendants argue that her failure to include every step in the process does not make the affidavit false. The Court agrees. Stewart testified as to how she handles the N.E.F.'s when she receives them. The fact that she did not list all of the steps in the delivery process or did not follow all of the steps of the Court's General Order No. 18-0014 does not make her statement false.

Finally, Bentz specifically objects to Daniel Cushman's affidavit, arguing that Cushman told him he just signed the affidavit even though it was not accurate. Bentz fails to offer any proof of this conversation or any other evidence showing that the document is false.

Accordingly, Bentz's motions for sanctions (Docs. 171, 177) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** April 22, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**