IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ROBERT BENTZ,**

      **Plaintiff,**

v.

**NATHAN MAUE,** *et al.,*

      **Defendants.**

Case No. 16-cv-854-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court on several motions filed by Plaintiff David Robert Bentz. Bentz was required to identify the remaining John Doe Defendants by January 21, 2020 (Doc. 192). On January 14, 2020, Bentz filed a motion to compel Defendants to identify Jane Doe Nurse (Doc. 193). On January 21, 2020, he filed a motion for extension of time to identify the John Does (Doc. 195). Defendants filed responses (Docs. 198, 199) to both motions. On March 10, 2020, Bentz filed a motion for contempt of Court, arguing that Defendants failed to follow Court Orders to provide him with identifying information for a Jane Doe nurse, including a staff sign-in log (Doc. 214). Defendants have filed a response (Docs. 215, 216).

### PROCEDURAL BACKGROUND

      Bentz was initially given until September 17, 2019 to identify John Does (Doc. 133). On September 3, 2019, the Wexford Defendants informed the Court that they were unable to identify the John Does (Docs. 143; 147, p. 3). Bentz did not number or describe the John Does in his Complaint, making it difficult to even determine the number of unknown

Page 1 of 6

individuals (Doc. 147, p. 3). The Wexford Defendants indicated that they would provide Bentz with a copy of the medical records and work with him to identify the unknown individuals. Magistrate Judge Beatty directed Bentz to file a Notice with the Court by October 3, 2019, containing any information he had in his possession regarding the identity of the John Does, including physical descriptions, job assignments, and dates and times when he interacted with the unknown individuals (*Id.* at p. 4). The deadline to identify the John Does was also extended to November 1, 2019, and Bentz was warned that a failure to comply with any portion of the Order would result in a dismissal of the John Does.

On September 24, 2019, the IDOC Defendants filed a status report indicating that they provided Bentz a copy of the medical records and a roster to help identify the John Does as part of their initial disclosures (Doc. 148). The Wexford Defendants also filed a notice indicating that medical and grievance records were provided to Bentz (Doc. 150).

On October 8, 2019, Bentz filed a motion for extension of time to identify the John Does (Doc. 156). He did not provide any identifying information to Defendants as directed by the Court, instead arguing that his Complaint contained enough relevant information to identify the John Does (*Id.*). He indicated that he received incomplete rosters and did not receive sign-in sheets as part of the initial disclosures. Defendants noted in their response that they had provided Bentz with medical records and a roster, but he had failed to provide Defendants with any further identifying information (Docs. 162 and 163). On November 19, 2019, Bentz filed another motion for extension of time to conduct discovery and substitute the unknown defendants (Doc. 169). He claimed that he was being denied the opportunity to correspond with Defendants and seek

discovery. He provided no further details as to how he was being denied the ability to obtain discovery or evidence to support his allegations. Defendants again responded that he had been provided with medical records to help identify the unknown defendants (Docs. 172, 174). On January 2, 2020, the Court granted Bentz additional time, until January 21, 2020, to identify the John Does (Doc. 192). The Court found that Bentz had been provided with adequate materials to identify the John Does. He was also warned that no further extensions would be granted and a failure to identify the John Does by the deadline would result in their dismissal.

## ANALYSIS

Federal Rule of Civil Procedure 37 allows for a party to move for an order to compel discovery. The moving party must certify that he has conferred or attempted to confer with the party failing to make the disclosure or discovery response. FED. R. CIV. P. 37 (a)(1). Bentz does not indicate whether he believes the information he seeks should have been part of Defendants' initial disclosures or that he submitted a discovery request seeking said information. Under either scenario, he fails to certify that he has tried to meet and confer with Defendants about the documents he seeks.

Bentz also cites to Docket Entry 56, presumably arguing that Defendants have failed to comply with this Order, but that is the Court's threshold Order which merely states that guidelines for identifying the John Does would bet set at a later date. He argues in his motion (Doc. 193) that Defendants were directed to produce rosters, but failed to produce the correct roster, namely the May 11, 2014, 7:00 a.m. to 3:00 p.m. roster, and the May 12, 2014 staff sign-in sheet (*Id*. at p. 2). His motion for contempt of court alleges that he filed two motions to compel the identity of the Jane Doe Nurse and that the Court

"ordered Defendants to compel both times…[and] ordered Defendants to produce the North Cellhouse Staff sign in log" (Doc. 214).

Bentz's assertions are entirely inaccurate. The Court never ordered Defendants to provide Bentz with logs or sign-in sheets. Although the Court did direct Defendants to respond to the allegations in Bentz's motion to compel (Doc. 197), the Court never granted his motions to compel or direct Defendants to provide rosters. The only directive the Court gave to Defendants was to provide Bentz with a copy of the medical records, which they provided to him (Doc. 147, pp. 3-4; Doc. 148; Doc. 150).

In fact, it is Bentz who has failed to comply with the Court's Orders. Magistrate Judge Beatty directed Bentz to "produce to Defendants, **and file with the Court**, a written Notice containing any information he possesses which will help identify the Jane/John Does" (Doc. 147, p. 4 (emphasis in original Order)). The deadline for complying with that Order was October 3, 2019 (*Id*.). On October 8, 2019, Bentz filed a motion entitled "Extension and Notice to Court per Info to I.D. John and Jane Doe's" signed October 3, 2019 for an extension of time to identify the John Does (Doc. 156). He failed to provide any identifying information for the Defendants, instead noting in his motion that Defendants already had all of the information they needed in his Complaint, medical records, and the prison's roster and sign-in sheets. He complained that the rosters provided by Defendants were incomplete, but there is no indication in the record that he formally requested additional documents from Defendants. Although he was granted an extension of time and informed that he would not be granted any further extensions (Doc. 192), Bentz has never provided any identifying information as required by Judge Beatty's Order. His choice to simply rely on the allegations in his Complaint did not

comply with the Court's Order because the Court had already concluded the allegations were not enough (Doc. 147, p. 3). Defendants, on the other hand, complied with their obligation in that Order by providing Bentz with medical records and roster (Docs. 162 and 163).

Bentz had over two months to seek the specific documents he wanted from Defendants. He could also have provided further identifying information as directed by the Court. He did neither. Instead, he chose to rely on the allegations in his Complaint (Doc. 147, p. 3) and then file a motion at the last minute to compel Defendants to produce documents that he had never formally requested nor had the Court ordered produced. He also fails to demonstrate that he was prevented from seeking discovery during the allotted time period.

## Disposition

Because Bentz failed to comply with the Court's Orders or request any additional information or documents from Defendants, the Court **DENIES** his motion to compel (Doc. 193) and his motion for contempt (Doc. 214).

To the extent that Bentz requests additional time to identify the unknown defendants (Doc. 195), the Court also **DENIES** that motion. Bentz has had ample time to conduct discovery. Defendants indicated their willingness to help Bentz identify the John Does if he would provide additional information, and he never responded to their request (Docs. 162, 162-1). The Court previously warned Bentz that he would be granted no further extensions, and he fails to offer any evidence that he has made a good faith effort to participate in discovery to obtain the identities of the John Does. He also was warned that the failure to identify the John Does by the deadline would result in their dismissal.

Accordingly, the Court **DENIES** Bentz's request to extend the time to identify the remaining unknown defendants and **DISMISSES** Doe and Jane Doe Nurse without prejudice.

  **IT IS SO ORDERED.**

  DATED: April 24, 2020

                   _____
                   **NANCY J. ROSENSTENGEL**
                   **Chief U.S. District Judge**