IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ,
#S03210,

        Plaintiff,

v.

NATHAN MAUE, *et. al*,

        Defendants.

Case No. 16-cv-00854-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion for sanctions (Doc. 224) filed by Defendants Allen, Allsup, Benefield, Brookman, Butler, Campbell, Crain, Conway, Dwight, Guettersloh, Jaimet, Lashbrook, Maue, Monje, Tina Monroe, Wesley Monroe, Qualls, Sadler, Samuel, Tope, and Schnicker ("IDOC Defendants").[1] The IDOC Defendants allege that Plaintiff David Robert Bentz provided the Court with a document containing false information and an incorrect date. Bentz filed responses on July 13, 2020, and August 24, 2020. (Docs. 237, 241). Defendants filed a reply. (Doc. 242). On January 26, 2021, the Court held a hearing on the motion. At the hearing, the Court heard testimony from Plaintiff Bentz and the corrections law library assistant at Menard Correctional Center, Patricia Stewart.

## BACKGROUND

Bentz, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), filed his Complaint pursuant to 42

---

[1] The Court granted Defendant Jeremy Butler's request to join the motion for sanctions on May 19, 2020. (Docs. 225, 227). His motion for summary judgment was subsequently granted, and he was dismissed from the case on June 24, 2020. (Doc. 233).

U.S.C. § 1983 on July 27, 2016. Prior to screening the Complaint, the Court determined that Bentz had intentionally failed to disclose financial information in his application for leave to proceed *in forma pauperis* ("IFP") and dismissed the case. (*See* Docs. 8, 9). The Seventh Circuit Court of Appeals reversed the decision and remanded the matter for further proceedings. *See Bentz v. Maue*, 702 F. App'x 461 (7th Cir. 2017). Consistent with the Seventh Circuit's Mandate (Doc. 34), the Court screened the Complaint under 28 U.S.C. § 1915A. (Docs. 36, 56). Defendants filed motions for summary judgment on the issue of exhaustion of administrative remedies on October 17, 2019, and November 14, 2019. (Docs. 159, 166).

On February 4, 2020, the Court extended the deadline for Bentz to file responses to the motions for summary judgment to February 14, 2020. (*See* Doc. 202). On February 18, 2020, Bentz electronically filed ("e-filed") a motion to strike (Doc. 203) and a response to Defendants' motions for summary judgment (Doc. 204). A week later he filed a document titled: "Notice/Declaration in Support of Plaintiff's Response to Defendants Motion for Summary Judgment and Plaintiff's Motion to Strike Defendants Summary Judgment Motions D/E #16 and D/E # 167" ("Notice"). (Doc. 205). In the Notice, Bentz asserts that on February 13, 2020, he placed into institutional mail the motion to strike and the response to the motions for summary judgment to be sent to the law library for e-filing in this case.[2] The documents were returned to him on February 14, 2020, unfiled and unscanned. On February 18, 2020, Bentz claims he had a call pass for the law library. He stated he submitted the documents to law library staff, Patricia Stewart, for e-filing, but she refused to file them unless Bentz altered the dates on the certificates of service to from February 13, 2020, to February 18, 2020. Bentz

---

[2] Bentz also submitted a motion to strike for filing in another case pending in this district court, *Bentz v. Threadgille,* Case No. 17-cv-1384-SPM.

then changed the dates listed. Because he placed the motion to strike and the response to the motions for summary judgment into institutional mail on February 13, 2020, and was forced to change the dates on the documents, Bentz asked the Court to consider the documents timely filed. (Doc. 205, p. 2).

The Court held a hearing on the motions for summary judgment on June 17, 2020, and considered the allegations put forth in the motion to strike, the response, and the Notice. (Docs. 232, 233). Following the Court's ruling on the motions for summary judgment, Bentz is currently proceeding on eight counts relating to an alleged assault by Menard officers on May 11, 2014 and inadequate medical treatment for his resulting injuries. (Doc. 233).

In the motion for sanctions, Defendants argue that Bentz should be sanctioned because the Notice he filed is incorrectly dated and contains false allegations regarding the filing of the two other documents—the motion to strike (Doc. 203) and the response to the motions for summary judgment (Doc. 204). Defendants first argue that the version of events Bentz asserts in the Notice is false. (Doc. 224, p. 2). They dispute that he submitted the documents for e-filing through institutional mail on February 13, 2020. The law library at Menard maintains logs of all e-filings submitted by inmates, including how such e-filings were submitted to the law library, and logs recording each time an inmate comes to the law library with a call pass. The law library also retains all original written requests from inmates, along with any written responses from the law library staff, in each inmate's library file. Defendants argue the e-filing log shows that Bentz did not submit any documents for e-filing on February 13, 2020. There is no record of any requests for e-filing from Bentz dated February 13, 2020, or of a written response from the law library sent back to Bentz dated February 13, 2020 or February 14, 2020.

Defendants further contend that Bentz has backdated the Notice with the date February 19, 2020, but that the document was not e-filed by the law library until February 25, 2020. According to Stewart, when Bentz presented the Notice for e-filing on February 25, 2020, she pointed out to Bentz that the document was dated six days earlier than the filing date, and she asked Bentz if he would like to correct the date. Bentz indicated that the date was the correct verification of the document. Stewart e-filed the document as requested. (Doc. 224, p. 3).

Finally, Defendants argue that Bentz is an experienced *pro se* litigator, who has filed twenty-seven lawsuits between the United States District Courts for the Central, Northern, and Southern Districts since November 2011. Based on his numerous filings and knowledge of the federal court system, he knows that he cannot file fraudulent documents with the Court. As monetary sanctions are insufficient to address this issue or to deter Bentz from continuing to file fraudulent documents, Defendants request that the case be dismissed as a sanction for Bentz's conduct. Defendants maintain that they mailed Bentz a letter and draft copy of the motion for sanctions on March 23, 2020, pursuant to Federal Rule of Civil Procedure 11(c)(2), prior to filing this motion. Bentz did not withdraw the Notice.

In his first response, Bentz argues that the motion for sanctions is similar to what has already occurred in this case. (Doc. 237). The Court previously determined that Bentz had been fraudulent in submitting his IFP applications and sanctioned him by dismissing the case. The decision was overturned, however, by the Seventh Circuit Court of Appeals for not being based on evidence. He argues that, once again, there is no evidence to support Defendants' arguments, and they cannot prove that he did not attempt to file the motion to strike and the response to the motions for summary judgment through institutional mail on

February 13, 2020, prior to going to the law library on February 18, 2020. Bentz also argues that the Notice was signed "as stated" and "there is no certificate of service with [the] declaration so it is filed on [an] unknown date to [him] at this time." (*Id.* at p. 1).³

In his second response, Bentz states that Stewart has a history of refusing to file his documents unless he changes the dates on the certificate of service, making the dates incorrect. (Doc. 241). He claims she previously refused to file his IFP application in this case, and as a result, this case was dismissed for failure to follow a court order and file an IFP application. Bentz was also sanctioned with dismissal in *Bentz v. McGlorn,* Case No. 18-cv-00018-NJR, when Stewart refused to timely e-file documents. Bentz claims that because of his issues with the e-filing system, he is forced to mail his court documents using the United States Postal Service.

Defendants have filed a reply brief stating that Bentz's second response (Doc. 241) contains inaccurate allegations and is untimely, warranting exceptional circumstances. (Doc. 242) (citing SDIL-LR 7.1(c)). They point out that Bentz claims that Stewart previously refused to file his IFP applications in this case two to three times, which led to the dismissal of this action. The Court originally dismissed this case, however, on September 22, 2016 (Doc. 8)—almost a full year before Stewart began working in the law library at Menard. From December 1, 2014, through August 15, 2017, Stewart worked in the records office and was not involved in the law library or filing court pleadings for inmates. The Declaration of Patricia Stewart (Doc. 224-1), which was attached as an exhibit to the motion for sanctions,

---

³ In the first response, Bentz asked the Court to issue an order directing that he be given access to his legal materials. (Doc. 237, p. 2). On July 14, 2020, the Court denied the request finding that as Bentz had until August 21, 2020, to file a response to the motion for sanctions, he had plenty of time to access his legal materials. (Doc. 239).

was provided to Bentz and thus, he had the information that she did not begin working in the law library until August 2017. Defendants argue that Bentz's false allegations regarding Stewart's failure to file his IFP applications at the beginning of this case in 2016 are a clear example of his attempts to invent facts to support his claims and serve to further support their request for sanctions.[4]

## ANALYSIS

Federal Rule of Civil Procedure 11(b) states that by presenting "a pleading, written motion, or other paper [to the Court]…[the] party certifies that to the best of the person's knowledge…it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." By signing and submitting a paper with the Court, the party is also certifying that any factual assertions contained in the paper has evidentiary support. Violations of Rule 11, including fraudulent behavior, can warrant sanctions. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (citing *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) (affirming the dismissal of a suit in which the plaintiff lied about his litigation history and applicability of the prepayment requirement in 28 U.S.C. § 1915(g)); *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin, Serv. Americas LLC*, 516 F.3d 623, 626–27 (7th Cir. 2008) (affirming dismissal against plaintiff who lied to obtain interlocutory relief); *Greviskes v. Univs. Research Ass'n*, Inc., 417 F.3d 752, 759 (7th Cir. 2005) (affirming dismissal where plaintiff engaged in fraudulent misconduct that delayed lawsuit); *Thomas v. General*

---

[4] The certificate of service on the second response is dated August 20, 2020, and the envelope is postmarked August 21, 2020, the deadline for filing a response to the motion for sanctions. (*See* Doc. 241). Because inmate filings are considered filed upon delivery to prison officials for mailing rather than upon receipt by the Court, the Court finds the second response timely filed. *See Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (discussing the "prison mailbox rule"). Regardless, Defendants have set forth exceptional circumstances warranting a reply regarding Bentz's accusations of Stewart's conduct.

*Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002) (concluding that the district court did not abuse its discretion by dismissing case as sanction for lying on application to proceed in forma pauperis)). While the Court may impose monetary or non-monetary sanctions, "[d]ismissal with prejudice is an appropriate sanction for misleading the court in an attempt to receive a benefit." *Martin v. Larry*, 804 F. App'x 414, 416 (7th Cir. May 15, 2020) (citing *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *Hoskins*, 633 F.3d at 543-44)).

At the hearing, it was established that an inmate can submit documents for e-filing with a court by personally bringing them to the law library, placing the documents in a law library mailbox, or placing the documents in the bars of his cell to be picked up by a correctional officer, who then deposits the documents in the law library mailbox. Stewart testified that a law library mailbox is located in every cell house. The mail is picked up from the mailbox twice a week, on Monday mornings and Thursday mornings between 7:30 a.m. and 8:00 a.m. Because Monday, February 17, 2020, was a holiday, documents placed in the mailbox after Thursday's morning pickup time on February 13, 2020, would not have been collected until Tuesday, February 18, 2020.

Bentz testified that he usually submits documents to the law library to be e-filed through the institutional mail. He argued that he does not dispute the law library logs submitted by Defendants demonstrating that the motion to strike and the response were not received by the law library. Rather, he asserts that the documents never reached the library in the first place and that is why there is not a record of their submission. Bentz testified that once the mail is picked up from his cell, it is beyond his control where it is delivered. Bentz argued that the certificates of service on the documents were originally dated February 13, 2020, demonstrating he submitted the documents for e-filing on that date.

Contrary to Bentz's statement, Stewart testified that Bentz generally submitted documents for e-filing during his law library days, not by utilizing the law library mailbox. The law library logs, which are not in dispute, show that Bentz went to the law library every week in January and February of 2020, he e-filed documents during six of those eight visits, and there is no record of him submitting any documents for e-filing on days he was not at the law library. (Docs. 224-2, 224-3). Stewart confirmed that there is no record of Bentz submitting anything to the library through institutional mail on February 13, 2020, or since the COVID-19 restrictions have been implemented at Menard. Bentz testified that he was at the law library on February 11, 2020, two days before the Court's response deadline, and the logs show that he did not e-file any documents on this date. Bentz also testified he wrote and signed the Notice on February 19, 2020, but waited to e-file it with the Court until his law library day the following week, on February 25, 2020.

Based on the testimony and the evidence presented, the Court finds that the Notice contains false allegations and that Bentz filed it in an effort to intentionally mislead the Court into considering the motion to strike and the response to the motions for summary judgment as timely filed.[5] Other than his own testimony and the documents themselves, there is no evidence to suggest he attempted to submit these documents on February 13, 2020, in accordance with the Court's deadline. The fact that Bentz originally wrote February 13, 2020, as the date of certificate of service on these documents does not sufficiently corroborate his claims, and the Court does not find him to be credible. Bentz's testimony was vague,

---

[5] The Court denies the request for sanctions to the extent that Defendants argue the Notice (Doc. 205) was incorrectly dated. Bentz does not dispute that the Notice is considered filed on February 25, 2020. He testified that the February 19 date is the date he signed his declaration and was not intended to indicate the date the Notice was filed with the Court.

implausible, and not supported by the record. In order to believe his version of events, Bentz would have had to submit documents for e-filing from his cell, a method that he has not used since before January 2020, an unknown individual would have had to pick up the documents from Bentz's cell on February 13, 2020, retain the documents for twenty-four hours (rather than placing them in an institutional mailbox according to procedure), only to have them returned to Bentz by an unknown gallery officer the next day for an unexplained reason. Bentz conveniently cannot name or describe the individual who picked up the documents or the gallery officer who returned the documents to him. It is also not clear how the documents were returned to him so quickly. If the documents had actually been retrieved from his cell bars on Thursday, February 13, 2020, for placement in the law library mailbox, then the documents would not have been collected by staff from the mailbox until the following Tuesday (because Monday was a holiday), making it impossible for the documents to be returned to him within twenty-four hours.

Accordingly, the Court finds that the Notice violates Rule 11, as it is a baseless filing, not supported by evidence, and filed for an improper purpose to mislead the Court. *See Jimenez v. Madison Area Tech. Coll.*, 321 F. 3d 652, 657 (7th Cir. 2003). Because Bentz intentionally made false statements to the Court, sanctions are warranted pursuant to Rule 11 and the Court's inherent authority. *See Martin*, 2020 WL 2511114, at *2; *Secrease*, 800 F. 3d. at 402 ("courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct"). As stated by this Court in *Bentz v. McGlorn*, "monetary sanctions would not be effective against Bentz who is proceeding *informa pauperis* in all of the many cases he has pending before this Court." *McGlorn*, Case No. 18-cv-00018 (S.D. Ill. May 27, 2020, Doc. 207) (citing *Rivera*, 767 F.3d at 686-87; *Hoskins*,

633 F.3d at 544). Thus, the only appropriate sanction for Bentz's fraudulent behavior is dismissal of his claims. *See Jimenez,* 321 F. 3d at 657 ("it is proper for the trial court to impose a severe sanction where the sanction is sufficient to deter repetition of misconduct").

Finally, the Court addresses the document titled "Notice of Contempt" filed by Bentz asking the Court to hold Defendants in contempt and issue sanctions. (Doc. 246). Bentz filed this document in *seven* different cases, and he claims that Defendants and the Warden of Menard have denied him access to the law library and the ability to e-file documents. As Bentz has been warned in this case—and others—to refrain from filing of duplicative motions in multiple cases, the request is denied. (Docs. 43, 50, 52). *See also Bentz v. Hoppensted,* Case No. 17-cv-00654-GCS, S.D. Ill. March 2, 2018, Doc. 32); *Bentz v. Lindenberg,* Case No. 18-cv-00016-DRH (S.D. Ill. Apr. 27, 2018, Doc. 13) (dismissing the case as duplicative and stating that "filing motions across multiple cases wastes judicial resources and creates a risk of inconsistent opinions at the district court level").

## CONCLUSION

For the reasons stated above, the Defendants' motion for sanctions (Doc. 224) is **GRANTED**. The Notice of Contempt (Doc. 246) filed by Plaintiff is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   January 29, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**