IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, # S03210, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-854-NJR ) |
| NATHAN MAUE, *et al.*, | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff David Robert Bentz's Motion to Prepare Transcript, to Produce Documents/Exhibits, and for Extension to File Notice of Appeal (Doc. 253). Bentz certifies that he placed the motion in the prison mail system on February 23, 2021, and it was docketed by the Clerk on March 1, 2021, within 30 days after the entry of Judgment on January 29, 2021. (Doc. 252).

### EXTENSION OF TIME FOR NOTICE OF APPEAL

A District Judge may only grant an extension of time to appeal in limited circumstances. The 30-day time limit for the filing of a notice of appeal is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 209-10 (2007). Federal Rule of Appellate Procedure 4(a)(5)(A) authorizes a District Judge to extend the time to file a notice of appeal only upon a showing of "excusable neglect or good cause." "Excusable neglect" most often comes into play when a party has failed to file anything within the 30-day time limit. *See Sherman v. Quinn*, 668 F.3d 421, 425-26 (7th Cir. 2012) (mere ignorance of

the rules will not support an extension); *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (District Court Judges "do not have 'carte blanche' authority to allow untimely appeals").

Bentz is apparently aware of the 30-day deadline and in fact filed his motion within the 30 days, thus "excusable neglect" is not a factor here. The fact that he was able to file his motion before the expiration of the 30 days indicates that he could also have filed his notice of appeal within that timeframe. Further, Bentz does not set forth any reason why he was unable to timely file his Notice of Appeal, and in fact requests that his motion be considered as his Notice of Appeal if he does not file a Notice within such future deadline that may be set if his extension is granted. (Doc. 253, p. 1). Under these circumstances, Bentz has not shown good cause to warrant an extension of time.

Nonetheless, the Court must look beyond Bentz's request for an extension, in order to determine whether his motion should itself be sufficient to serve as a timely notice of appeal. A Court should liberally construe Federal Rule of Appellate Procedure 3(c)[1] to accept a document as a notice of appeal if the tendered document is its "functional equivalent," particularly where the filing comes from a *pro se* party and provides adequate notice to other parties. *See Smith v. Barry*, 502 U.S. 244, 248 (1992). The purpose of the notice of appeal requirement "is to ensure that the filing provides sufficient notice to other parties and the courts. Thus, the notice afforded by a document ... determines the

---

[1] Federal Rule of Appellate Procedure 3(c) dictates that a notice of appeal must "(A) specify the party or parties taking the appeal ... (B) designate the judgment, order, or part thereof being appealed ... and (C) name the court to which the appeal is taken" and directs that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal ...."

document's sufficiency as a notice of appeal." *Id.* (citation omitted). The Seventh Circuit has held that a motion for extension of time may suffice as a notice of appeal. *Listenbee v. City of Milwaukee*, 976 F.2d 348, 350-51 (7th Cir. 1992). *See also Smith v. Grams*, 565 F.3d 1037, 1041-42 (7th Cir. 2009) (document filed with district court served as notice of appeal despite *pro se* filer's erroneous request to appeal to Supreme Court); *Scherer v. Kelley*, 584 F.2d 170, 174 (7th Cir. 1978) (*pro se* notices of appeal "are entitled to a liberal construction where the intent of the appellant is apparent and the adverse party is not prejudiced").

Bentz's motion for extension of time was filed within the 30-day appeal deadline and gives sufficient notice of his intent to pursue an appeal. *See* FED. R. APP. P. 4(a)(1)(A) and 4(a)(5)(B). The Court finds that Defendants will not be prejudiced by construing the motion as Bentz's Notice of Appeal and the Court shall so construe the motion.

### REQUEST TO PREPARE TRANSCRIPT

In light of the Court's decision to construe Bentz's motion as his Notice of Appeal, no transcript will be ordered at this time. Once his appeal is docketed, Bentz will be instructed on the procedure and deadline for ordering transcripts relevant to his appeal.

### REQUEST FOR DEFENDANTS TO PRODUCE DOCUMENTS/EXHIBITS

Bentz states that at the January 26 evidentiary hearing on Defendants' motion for sanctions, Defendants informed the Court they would send him copies of documents/exhibits they presented in the hearing because prison officials did not allow Bentz to keep documents they had previously produced. (Doc. 253). Defendants have failed to send Bentz the promised documents.

Bentz does not further identify the documents he seeks, and no new documents were admitted into evidence during the hearing. The Court did request Defendants' counsel to send Bentz another copy of Defendants' reply to his response to the sanctions motion (Doc. 242), which had previously been served on him. The other copies provided to Bentz at the hearing were copies of his own filings (Docs. 203, 204, and 205).

Accordingly, the motion is **GRANTED IN PART** with respect to Doc. 242. If Bentz needs other documents, he must identify them with particularity. Copies of court documents are available from the Clerk of Court upon receipt of prepayment in the amount of $0.50/page.

## DISPOSITION

**IT IS ORDERED** that Bentz's motion for extension of time (Doc. 253) is **CONSTRUED** as a **NOTICE OF APPEAL** from the Order and Judgment dismissing this case (Docs. 251, 252). The Clerk of Court shall terminate the motion at Doc. 253 and take all necessary steps to transmit the record in this case to the United States Court of Appeals for the Seventh Circuit.

The additional relief sought in the motion is **DENIED in part and GRANTED in part** as follows:  No transcript will be prepared at this time, but Bentz may request it as his appeal proceeds; Defendants are **ORDERED** to send a copy of their reply and exhibit at Doc. 242 to Bentz.

If Bentz is unable to pay the $505.00 appellate filing and docketing fee, he shall submit a motion for leave to appeal *in forma pauperis* ("IFP") to this Court, within 30 days of the date of this Order (**on or before April 2, 2021**). Alternatively, should Bentz desire

to withdraw his appeal, he must file a motion in the United States Court of Appeals for the Seventh Circuit. FED. R. APP. P. 42(b).

**IT IS SO ORDERED.**

DATED:  March 2, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**